**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| PAWNEE LEASING CORPORATION,<br>*Plaintiff*,<br>v.<br><br>UMAR TRANS INC., BERMET ANVARBEKOVA,<br>*Defendants*. | Case No. 1:24-cv-09621<br><br>Judge John Robert Blakey |

## MOTION TO QUASH SERVICE AND VACATE VOID DEFAULT JUDGMENT

NOW COMES the Estate of Bermet Anvarbekova, deceased, by and through its counsel, TENENBAUM LAW GROUP, and moves this Honorable Court for an entry of a written order quashing service and vacating the void February 12, 2025 Judgment (hereinafter defined), pursuant to the Federal Rules of Civil Procedure Rules 60(b)(4) and 4(e), and in support thereof states as follows:

## INTRODUCTION

Having conferred with PAWNEE LEASING CORPORATION's ("Plaintiff") counsel, this Petition is opposed by the non-movant. A default judgment was entered against Defendants UMAR TRANS INC. and BERMET ANVARBEKOVA ("Anvarbekova") on February 12, 2025 [25] ("Judgment"). The Judgment is void for lack of service of process and lack of personal jurisdiction and must be vacated.

## BACKGROUND

1. On October 7, 2024, Plaintiff filed its Complaint [1] for alleged breach of contract against Umar and breach of guaranty against Anvarbekova.

2. On December 9, 2024, Plaintiff's special process server filed its Affidavit of Nonservice [12-3] stating that he was unable to personally serve Anvarbekova at 970 Waterside Court, Aurora, IL 60502 between October 9, 2024, and October 16, 2024.
3. On December 9, 2024, Plaintiff filed a Motion for Alternative Service of Process Upon Defendant Bermet Anvarbekova [12] pursuant to Federal Rule of Civil Procedure 4(e).
4. On December 13, 2024, the Court granted the motion authorizing Plaintiff to perform alternative service of process unto Anvarbekova by mailing and posting [16].
5. As alleged in Plaintiff's Affidavit of Service [18] and Certificate of Service [17], respectively, on or about December 14, 2024, Plaintiff purported to serve Anvarbekova by posting service documents onto the front door of 970 Waterside Court, Aurora, IL 60502, and by mailing via USPS Certified Mail.
6. Further, although not required by the Court at the time, Plaintiff sent the USPS Certified Mail with a Return Receipt requested [17].
7. Upon request for said Receipt, Plaintiff's counsel provided what appears to represent a USPS Return Receipt ("Receipt"), a true and accurate copy of which is attached hereto and incorporated herein as <u>Exhibit 1</u>.
8. The Receipt was signed on December 19, 2024, by an unknown individual marked as an "agent" as opposed to "addressee." *See* <u>Exhibit 1</u>.
9. The unknown individual's signature also does not match the longtime signature of Anvarbekova, various specimens of which shall be provided to the Court for in camera review for confidentiality reasons.
10. Anvarbekova's signature has remained unchanged for at least the past decade.

11. Accordingly, the circumstances strongly suggest that the signature appearing on the Receipt was executed by an unauthorized third party who, upon information and belief, had unlawfully confined Anvarbekova within her residence and thereby prevented her from receiving notice or responding to the action.
12. During the pendency of these proceedings, Anvarbekova, and her entire family consisting of her husband and their five (5) year old disabled child were all murdered under brutally tragic circumstances.
13. The homicide investigation remains ongoing, having been undertaken by the DuPage County Sheriff's Office, the Kyrgyz Embassy and Consulate, Ministry of Foreign Affairs in Kyrgyzstan, and other organizations that remain confidential in public filings for purposes of the ongoing investigation.
14. DuPage County Sheriff's office has issued a written statement that its investigation has indicated that Anvarbekova may have been murdered as early as December of 2024—the same month Plaintiff claims to have allegedly effectuated service by posting [18].
15. Accordingly, Anvarbekova was presumed deceased around the time of purported service.
16. A letter from the DuPage County Detective substantiating the foregoing paragraph 14 is available for the Court's and Plaintiff's counsel in camera review due to the sensitive nature and to maintain continued integrity of the pending investigation.

## ARGUMENT

### I. The Default Judgment Is Void *Ab Initio* Because Service of Process Was Invalid.

Federal Rules Civil Procedure Rule 60(b) and Illinois law both make clear that a judgment entered without valid service is void. Fed. R. Civ. P. 60(b). Under Rule 60(b)(4), a judgment entered without personal jurisdiction can be voided by a Court. Rule 4(e) of the Federal Rules Civil Procedure

states, in relevant part, that "an individual … may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Service under Rule 4(e) must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Milliken v. Meyer*, 311 U. S. 457; *Grannis v. Ordean*, 234 U. S. 385; *Priest v. Las Vegas*, 232 U. S. 604; *Roller v. Holly*, 176 U. S. 398. The Seventh Circuit explained that a deceased person cannot be a party to litigation in *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008): "The referent of 'plaintiff' is apparently the deceased … though he had ceased, upon his death, to be a party." *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008). The law on due process is well established.

The notice must be of such nature as to reasonably convey the required information. *Grannis v. Ordean*, *supra*. It must afford a reasonable time for those interested to make their appearance. *Roller v. Holly*, *supra*, *and cf. Goodrich v. Ferris*, 214 U. S. 71. "[I]f, with due regard for the practicalities and peculiarities of the case, these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306 (1950).

The Court in *Mullane* continues that "process which is a mere gesture is not due process." *Id*. The means used to provide said notice must be such that the defendant might reasonably be apprised of the proceedings. *Id.* ("The means employed must be such as one desirous of actually informing the

absentee might reasonably adopt to accomplish it. The reasonableness, and hence the constitutional validity of, any chosen method may be defended on the ground that it is, in itself, reasonably certain to inform those affected"). Service requires notice to a living person who can respond. Notice to a person who is dead (or reasonably presumed dead) cannot satisfy Rule 4(e) and Due Process (i.e., *Mullane*, 339 U.S. 306 (1950)). Where a court does not have personal jurisdiction over a party, any order entered against a defendant is void *ab initio* and subject to direct and collateral attack at any time. *DiNardo v. Lamela*, 183 Ill.App.3d 1098, 132 Ill.Dec. 500, 502, 539 N.E.2d 1306, 1308 (2nd Dist. 1989).

If the peculiarities of the case at hand are given due regard, notice directed at a deceased (or presumed deceased) individual can never meet the aforementioned standard. As substantiated in Anvarbekova's signature specimens, Anvarbekova was not the individual who signed for the certified mail on December 19, 2024. The Receipt does not bear Anvarbekova's true signature. Instead, an unknown person printed Anvarbekova's name, signed as someone else entirely, and designated themselves as an "agent." *See* Exhibit 1. This alone establishes that Anvarbekova was never served in accordance with Rule 4(e): the mailing was not delivered to the individual personally, nor was the mailing left with an agent authorized by appointment or law to receive service of process; the individual was unknown and purported to accept service *as* Anvarbekova, based on the printed name being the Anvarbekova's. *See* Exhibit 1. Upon information and belief, Anvarbekova may have been unlawfully confined in her residence by an unknown individual, who may also have been the person who signed the return receipt. Accordingly, even if delivery occurred at the correct address, service likely did not reach Anvarbekova personally. Said receipt was turned over to the DuPage County Sheriff's Office to aid in its ongoing investigation.

The DuPage County Sheriff's Office has confirmed that Anvarbekova was likely deceased in December 2024, the same month Plaintiff claims to have effected service, and the purported return card contains a signature plainly not executed by the Anvarbekova. These facts, taken together, demonstrate that no service occurred within the meaning of Rule 4(e) and that the resulting judgment is void *ab initio*. The evidence shows it is more probable than not that Anvarbekova was deceased or presumed deceased at the time of purported service. There is a credible presumption, or, at minimum, a strong likelihood of Anvarbekova's death, at or near the time of attempted service. As such, the Court never obtained personal jurisdiction, and the resulting judgment is void *ab initio*.

## II. In the Alternative, the Judgment is Void *Ab Initio* because Anvarbekova was deceased at the Time of Entry of Judgment.

Assuming *arguendo* that Anvarbekova was somehow alive at the time of the purported service, the Judgment is nevertheless void *ab initio* because Anvarbekova was already deceased or missing under suspicious circumstances before entry of Judgment entered on February 12, 2025 [25].

A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent with due process of law." *Price v. Wyeth Holdings Corp.*, 505 F. 3d 624 (7th Cir.2007) (quoting *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir.1995)); *see also Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir.1983) ("Where the moving party has been prevented from presenting the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate."). The Seventh Circuit has made clear that upon death, the decedent fails to be a party. *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008). A judgment entered without jurisdiction (in this case, after a party's death) is a nullity. *Haas v. Leon*, 948 F.2d 1292 (7th Cir. 1991). If a court determines that it does not have jurisdiction, it must vacate the judgment. *Id*.

"Although Rule 60(b)(4) requires parties to request vacation within a reasonable time, 'the reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit.'" *Haas*, 948 F.2d 1292 (quoting *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir.1986)). A void judgment, like one entered without personal jurisdiction, cannot be validated by the passage of time, even if the amount of time is inordinate. *Id*. (quoting *Pacurar v. Hernly*, 611 F.2d 179, 181 (7th Cir.1979)).

Rule 60(b) specifically employs an open-ended grant of judicial discretion, stating that the court may relieve a party from a final judgment "upon such terms as are just," including when "the judgment is void." Fed. R. Civ. P. 60(b). "This rule limits the power of the district courts. Although technically all Rule 60(b) motions are within the discretion of the district court, and appellate courts review decisions using an abuse of discretion standard, district courts actually have little leeway in Rule 60(b)(4) cases." *Id*. (quoting *Bally Export Corp. v. Balicar*, Ltd., 804 F.2d 398, 400 (7th Cir.1986)). "After a district court determines that 'the underlying judgment is void because the court lacked personal or subject matter jurisdiction ... the trial judge has no discretion and must grant the appropriate 60(b) relief.' If the trial court has no jurisdiction over the action, 'it is a per se abuse of discretion to deny the [60(b)(4)] motion.'" *Id*.

Anvarbekova was either already deceased or missing under suspicious circumstances prior to the entry of the default judgment on February 12, 2025 [25]. A judgment entered against a deceased person is a legal nullity and void *ab initio*, as no living party existed upon whom valid service could be made or against whom a personal judgment could lawfully be entered. Even if Plaintiff's alleged service was deemed technically valid, Anvarbekova could not have appeared or participated in the default prove-up proceedings, as she was most likely no longer living at that time. Although her remains were not discovered until early March 2025—at which point the coroner issued a death

certificate reflecting that date—the investigating sheriff's department has explained that the delay in discovery and accounted for the discrepancy between the date of death and the date of discovery.

Given the ongoing homicide investigation, the DuPage County Sheriff's Office has indicated that her death likely occurred months earlier, rendering it impossible for her to have received notice of the proceedings or to have appeared in any capacity. Anvarbekova's death extinguished the Court's jurisdiction to enter any further orders, and the default judgment is therefore void *ab initio*.

**WHEREFORE**, Defendant BERMET ANVARBEKOVA moves this Honorable Court for the entry of an order quashing the alternative service of process and vacating the default judgment entered on February 12, 2025, and for such other and further relief as this Honorable Court may deem just and appropriate under the circumstances.

Respectfully submitted,

By: *s/ S. Aaron Tenenbaum*

S. Aaron Tenenbaum (ARDC No. 6256760)
TENENBAUM LAW GROUP
*Attorneys for the Estate of Bermet Anvarbekova*
2222 Chestnut Ave., Ste. 201
Glenview, IL 60026
Tel. 847.724.0300
Aaron@LawTenenbaum.com

Yvette Tenenbaum (ARDC No. 6344238)
TENENBAUM LAW GROUP
*Attorneys for the Estate of Bermet Anvarbekova*
2222 Chestnut Ave., Ste. 201
Glenview, IL 60026
Tel. 847.724.0300
Yvette@LawTenenbaum.com

# EXHIBIT 1

JMR 2494. 23934

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bermet Anvarbekova
970 Waterside Ct
Aurora, IL 60502

9590 9402 8253 3094 4909 42

2. Article Number *(Transfer from service label)*

9589 0710 5270 2051 0599 42

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X [signature]

☑ Agent
☐ Addressee

B. Received by *(Printed Name)* B. ANVARBEKOVA

C. Date of Delivery 12/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt