**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Pawnee Leasing Corporation

Plaintiff,

v.

Case No.: 1:24−cv−09621
Honorable John Robert Blakey

Umar Trans Inc., et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, September 17, 2026:

MINUTE entry before the Honorable John Robert Blakey: On 1/6/26, this Court vacated its default judgment order as to both Defendants because Defendant Anvarbekova had died before the judgment entered and because Anvarbekova's death also effected service on the other Defendant, Umar Trans Inc. See [35]. Plaintiff then filed a motion seeking to substitute Anvarbekova's Estate in lieu of Defendant Anvarbekova. See [39]. Federal Rule of Civil Procedure 25(a) provides that, "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." The Rule further provides that, if "the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id. Here, Plaintiff's motion remains timely: the attorney representing the Estate of Bermet Anvarbekova appeared in this case on 11/6/25, [28], and indicated in the Estate's 11/7/25 motion seeking to vacate the default judgment that Anvarbekova had been murdered on an unknown date, likely as early as December of 2024. See [30] at 3. Nonetheless, the Estate opposes substitution, arguing that the Plaintiff has filed its claim in the DuPage County probate proceedings, which remains the exclusive forum for adjudicating and allowing claims against the Estate under Illinois law. Plaintiff does not dispute that it continues to pursue its claims against Anvarbekova (now the Estate) in the probate proceedings. As a result, the Court agrees that abstention remains appropriate. See Barichello v. McDonald, 98 F.3d 948, 955 (7th Cir. 1996) (holding that, "when confronted with circumstances that clearly implicate Younger concerns, a federal court must abstain.") (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816, n.22 (1976)); Bassler v. Arrowood, 500 F.2d 138, 142 (8th Cir. 1974), cert. denied, 419 U.S. 1116 (1975) ("The area of probate and decedents' estates presents many varied problems. State courts deal with these problems daily and have developed an expertise which should discourage federal court intervention. These local problems should be decided by state courts.") (quoted in Rice v. Rice Found., 610 F.2d 471, 477 (7th Cir. 1979). It is not clear whether Plaintiff is able to bring any claim against the corporate defendant in the probate proceedings. But Plaintiff has taken no steps to serve or otherwise pursue this defendant since the Court vacated the default judgment after Anvarbekova's murder came to light. Given all of this, the Court grants Plaintiff's motion, [39], and directs the Clerk to substitute the Estate of Bermet Anvarbekova as the proper Defendant, but also orders Plaintiff to show cause in writing by 10/15/26 why this case should not be dismissed for

lack of jurisdiction based upon the pending probate proceedings (or for failure to serve/prosecute as to the corporate defendant). Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.